IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERRY L. WOODSON,

                              Plaintiff;

                 v.

ANDREW SAUL, Commissioner of Social
Security,

                              Defendant.

Civil Action No. 18-1928-RGA

MEMORANDUM OPINION

Angela Pinto Ross, DOROSHOW, PASQUALE, KRAWITZ & BHAYA, Wilmington, DE,
Attorney for Plaintiff.

David C. Weiss, UNITED STATES ATTORNEY, Heather Benderson, Eric P. Kressman, Melissa
K. Curry, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY
ADMINISTRATION, Philadelphia, PA, Attorneys for Defendant.

March 30, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me are Plaintiff's motion for summary judgment (D.I. 15) and Defendant's cross-motion for summary judgment (D.I. 18). I have reviewed the parties' briefing. (D.I. 16, 19, 21). For the following reasons, I will remand the case for further consideration consistent with this opinion.

I.      **BACKGROUND**

This action arises from the denial of Plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C §§ 401-434.[1] Plaintiff filed her benefits application for Social Security Disability Insurance ("SSDI") on October 9, 2014 (Tr. at 239-40) and her benefits application for Supplemental Security Income ("SSI") on December 1, 2014[2] (*Id*. at 241-51). She alleged disability beginning April 6, 2013. Her application was denied initially on January 16, 2015, and upon reconsideration on July 2, 2015. (*Id.* at 94-159). Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"). (*Id*. at 38-73).

The ALJ held a hearing on July 20, 2017. The ALJ heard testimony from Plaintiff and a vocational expert. The ALJ issued a decision denying Plaintiff's request for Disability Insurance Benefits on August 30, 2017. (*Id.* at 26). The ALJ found that through the date Plaintiff was last insured, she had the following severe impairments: non-listing level degenerative disc disease, degenerative joint disease, obesity, and fibromyalgia. (*Id*. at 18). The ALJ also determined that Plaintiff's hypertension, carpal tunnel syndrome, and somatic symptom, depressive and anxiety

---

[1] I refer to the record from the administrative proceeding (D.I. 8) as "Tr."
[2] There are discrepancies in the record and briefing as to the date Plaintiff applied for Supplemental Security Income.  For example, the "Application for Supplemental Security Income Benefits" is dated December 1, 2014. (Tr. at 241). Defendants' brief states, "Plaintiff filed her application for SSI in January 2014." (D.I. 19 at 1). No one suggests that the discrepancy has any impact on the analysis.

disorders were non-severe impairments. (*Id.* at 18-19). Upon consideration of the entire record, the ALJ determined,

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967 except she can never climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl, or reach overhead.

(*Id.* at 20). The ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, she was capable of performing her past relevant semi-skilled to skilled work of a credit analyst, insurance analyst and credit card processor. (*Id.* at 26).

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id.* at 12). Plaintiff filed this action on December 5, 2018 (D.I. 2).

## II.    LEGAL STANDARD

The Commissioner must follow a five-step sequential analysis when determining if an individual is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine whether the applicant: (1) is engaged in substantial gainful activity; (2) has a "severe" medical impairment; (3) suffers from an impairment that is listed in the regulation's appendix; (4) can still perform past relevant work; and (5) can perform any other work existing in significant numbers in the national economy. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. § 404.1520).

A reviewing court is limited to determining whether the Commissioner's factual findings are supported by "substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). In reviewing whether substantial evidence supports the Commissioner's findings, the court may not "re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

The reviewing court must defer to the ALJ and affirm the Commissioner's decision, even if it would have decided the factual inquiry differently, so long as substantial evidence supports the decision. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

The reviewing court must also review the ALJ's decision to determine whether the correct legal standards were applied. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The court's review of legal issues is plenary. *Id.*

## III. ANALYSIS

Plaintiff makes several arguments in favor of her motion for summary judgment. First, substantial evidence does not support the ALJ's determination regarding the non-severity of her mental impairments. Second, the ALJ erred in failing to consider all of Plaintiff's limitations in his RFC findings. Third, the ALJ failed to consider Plaintiff's inability to sustain work.

### a. Consideration of Severity of Plaintiff's Mental Impairments

Plaintiff argues that the ALJ erred by failing to find that Plaintiff's clinically diagnosed depression, anxiety, bipolar disorder and dysthymic disorder were non-severe impairments and only caused mild limitations. (D.I. 21 at 3). The ALJ found:

> The claimant's medically determinable mental impairments of somatic symptom disorder, depressive disorder, and anxiety disorder, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore non-severe.

(Tr. at 18).

A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The claimant has the burden of showing that an impairment is severe. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

In his decision, the ALJ gave great weight to the opinions of state agency psychological examiners who rendered opinions in January and June 2015 (Tr. at 102, 134) based on a review

of preexisting medical records and (in the second instance) on the review of a consultative exam by Dr. Simon. (Tr. 134; *see* Tr. 891-899). Plaintiff points out that two different treating medical practices in 2016 diagnosed claimant with bipolar disorder (Tr. 1057 (Mid-Atlantic Behavioral Health N/P David May 17, 2016); Tr. 1361 (Dr. Berikashvili Nov. 4, 2016)). The ALJ made no mention of this diagnosis. The ALJ cannot reject the opinions of treating physicians without, at a minimum, giving some explanation for doing so. None of the physicians upon which the ALJ relied were aware of the diagnosis, and therefore they did not address it. Dr. Berikashvili found that Plaintiff regularly appeared anxious, depressed, had cyclical moods, and impaired concentration and memory. (Tr. at 1349, 1350, 1353, 1356, 1357, 1360). The ALJ, however, did not address these findings when making his determination that Plaintiff's impairments are non-severe.

In failing to consider and address all of Plaintiff's mental impairments, the ALJ's decision, as it is currently written, is not supported by substantial evidence. *Scott v. Saul*, 2019 WL 3817508, at *5-6 (D. Del. Aug. 14, 2019). I do not understand depressive disorder and bipolar disorder to be the same thing. In addition, failure to recognize a mental illness necessarily means that the ALJ did not consider whether the cumulative effect of an additional mental illness would change the ALJ's impression of the severity of Plaintiff's limitations. *See id.* at *5. Therefore, I will remand the case for further consideration in light of Plaintiff's bipolar disorder diagnosis.

### b. Consideration of All of Plaintiff's Limitations in Residual Functional Capacity Findings

The ALJ found that Plaintiff had mild limitations in understanding; remembering or applying information, interacting with others, concentrating, persisting or maintaining pace, and adapting and managing oneself. (*Id.* at 18). Plaintiff asserts, however, that the ALJ failed to

include these limitations in his RFC assessment or the hypothetical that he presented to the vocational expert. (D.I. 21 at 6). Therefore, the hypothetical question did not accurately describe all the limitations supported by the record and determined by the ALJ. (*Id.*).

"A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). An ALJ does not have to include every alleged impairment but only "a claimant's credibly established limitations." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). "Limitations that are medically supported but are also contradicted by other evidence in the record may or may not be found credible—the ALJ can choose to credit portions of the existing evidence but cannot reject evidence for no reason or for the wrong reason." *Id.* (internal quotation marks omitted).

> Here, the ALJ posed the following hypothetical question to the vocational expert:
>
> I want you to assume that you're dealing with an individual the same age as the claimant, she's now 54, with the same high school education background and the same past work experience. I want you to begin by assuming that this individual retains the residual functional capacity for light work, but would be limited to: only occasional climbing of ramps or stairs; occasional balancing, stooping, kneeling, crouching, or crawling; and no climbing of ladders, ropes, or scaffolds. Could this individual perform any past work?

(Tr. at 69). The vocational expert responded that the hypothetical person could perform the claimant's past relevant work as credit analyst, insurance analyst, and credit card processor. (*Id.* at 26, 69). The ALJ then relied upon this assessment in his final determination. (*Id.* at 26). Plaintiff argues that the ALJ's question to the vocational expert failed to include the Plaintiff's mental functioning limitations. (D.I. 21 at 6). Therefore, Plaintiff argues, the hypothetical

question did not accurately describe all the limitations supported by the record and determined by the ALJ. (*Id.*).

When creating an RFC assessment and formulating the hypothetical question for the vocational expert, the ALJ must include all of a claimant's limitations stemming from medically supported impairments, whether or not those impairments are severe. *Rutherford*, 399 F.3d at 554. In concluding that Plaintiff was able to return to her past relevant and skilled work, the ALJ failed to account for limitations resulting from Plaintiff's medically determinable mental limitations in the RFC and in the hypothetical posed to the vocational expert. In his ultimate conclusion that the mental limitations did not support a finding of severity, the ALJ did acknowledge that Plaintiff suffered from mild functional limitations in understanding; remembering or applying information, interacting with others, concentrating, persisting or maintaining pace, and adapting and managing oneself. (*Tr.* at 19). The ALJ also acknowledged Plaintiff's treatment for depression and somatic symptom disorder. (*Id.* at 20). Having found that Plaintiff's non-severe mental impairments were medically supported, and having acknowledged that there were mild limitations associated therewith, the ALJ had a duty to address those limitations in the RFC assessment and the hypothetical question posed to the vocational expert. *Moore v. Colvin*, 239 F.Supp.3d 845, 860-61 (D. Del. 2017).

Therefore, I will remand the case for reconsideration of the RFC and the hypothetical question and, if necessary, any subsequent analysis.

### c. Consideration of Plaintiff's Ability to Sustain Work

Plaintiff argues that the ALJ did not consider Plaintiff's ability to sustain work on a regular and continuing basis. (D.I. 16 at 20-21; D.I. 21 at 10). The Commissioner did not respond to this argument. *See* D.I. 19.

The regulations defining residual functional capacity necessitate determining a claimant's capacity for work on a "regular and continuing basis." 20 C.F.R. § 404.1545(b); *see Kangas v. Bowen*, 823 F.2d 775, 777-78 (3d Cir. 1987). An ALJ must consider the frequency of a claimant's treatment, including hospitalizations and medical appointments, when deciding whether the claimant is disabled. *See Kangas*, 823 F.2d at 778.

Plaintiff offered substantial evidence of her frequent visits to specialists, primary care physician, mental health providers, and physical therapists. (D.I. 21 at 9-10; Tr. at 402-47, 531-32, 544-56). Plaintiff offered evidence of surgical appointments and post-operative care requiring recovery periods and additional physical therapy appointments. (D.I. 21 at 10; Tr. at 699-802). At the hearing, the vocational expert testified that missing four days per month due to impairments would prevent work. (Tr. at 71). Even being off-task 10% of the workday would prevent work. (*Id.*).

Plaintiff has offered evidence of the number of absences required over the time in question – and the testimony of the vocational expert suggests the frequency of these absences exceeds the number that employers would tolerate. In his decision, however, the ALJ did not address the evidence of Plaintiff's impairment-related absences or the vocational expert's testimony on the impact of such absences. The ALJ did not address whether, in light of Plaintiff's absences, she could have been employed on a "regular and continuing basis" during the period in question. The absence of any explicit consideration of this issue precludes meaningful judicial review of any implicit determination. *See Todd v. Berryhill*, 2019 WL 1995494, at *2 (D. Del. May 6, 2019).

Therefore, I will remand the case for further consideration of whether Plaintiff could sustain work on a regular and continuing basis.

## IV.    CONCLUSION

For the foregoing reasons, I will grant Plaintiff's motion in part and remand the case for further proceedings consistent with this opinion. I will deny Plaintiff's motion as to the award of benefits and deny Defendant's motion for summary judgment.

A separate order will be entered.